# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | 20-43-SDD-RLB |
| ROBERT EARL TUCKER, JR. | |

## RULING

This matter is before the Court on several motions filed by Defendant, Robert Earl Tucker, Jr. ("Defendant"), representing himself *pro se*. The Court did not require responses to these motions by the Government.

Defendant has filed a *Motion in Limine*[1] wherein he moves to exclude what he refers to as Government Exhibits 1 and 2, Physician Certificates, pursuant to FRE 403, because such evidence will cause confusion or prejudice. Defendant argues these exhibits should be excluded because the "signature is not a possible match to printed physician's name at the top"; "none of the handwritten notes are legible"; "only the blocks or fields for homicidal, suicidal, and dangerous are checked but no descriptive behavior"; and "Judges and Jurors" will be unable to match the physician's written comments to the checked boxes and might "be persuaded to accept at face-value but not material-value."[2] The Court will DEFER this motion to trial, reserving Defendant's right to object to the documents in the context they are presented.

---

[1] Rec. Doc. No. 59.
[2] *Id.*

Defendant filed a *Motion in Limine*[3] to exclude alleged "stole[n] documents," and he makes similar arguments previously raised in his *Motions to Dismiss*, which the Court denied in its *Ruling* on July 29, 2020.[4]  This *Motion in Limine*[5] is denied for the same reasons set forth in the Court's previous *Ruling*.

Defendant filed a *Motion in Limine*[6] and an *Amendment to Motion for Summary Judgment to Dismiss Indictment based on Due Process*.[7]  In both motions, Defendant moves to exclude Government Exhibits 1 and 2, Physician Certificates, on the basis that La. R.S. 28:53 "must be on reverse side." He contends that, because the documents presented to the grand jury did not contain this section "on reverse sides of exhibits, the Grand Jury could not have read the directive," and it is invalid.[8]

Defendant's argument regarding this "reverse side requirement" is vague and unsupported by the law.  The Court finds no such requirement in La. R.S. 28:53, and Defendant has not articulated this requirement or supported his argument with applicable law or jurisprudence.  Therefore, Defendant's *Amendment to Motion for Summary Judgment to Dismiss Indictment based on Due Process*[9] is DENIED for this reason and those previously set forth by the Court in its *Ruling* on Defendant's *Motions to Dismiss*.[10]

In addition to the "reverse side" argument, in this *Motion in Limine*, Defendant states that, pursuant to FRE 703/4 "only an expert opinion can be admitted pre trial."[11]

---

[3] Rec. Doc. No. 60.
[4] Rec. Doc. No. 70 (docketed on July 30, 2020).
[5] Rec. Doc. No. 60.
[6] Rec. Doc. No. 61.
[7] Rec. Doc. No. 65.
[8] Rec. Doc. No. 61, p. 1; Rec. Doc. No. 65, p. 1.
[9] Rec. Doc. No. 65.
[10] Rec. Doc. No. 70.
[11] Rec. Doc. No. 61, p. 1.

Defendant does not articulate or support this statement with relevant law or argument, and neither rule states that only an expert opinion can be admitted prior to trial. Accordingly, Defendant's *Motion in Limine*[12] is DENIED without prejudice to Defendant's right to make proper evidentiary objections at trial.

Defendant also filed a third *Motion to Dismiss*[13] the *Indictment*, claiming there is no evidence to support the charges. However, as the Court previously ruled, it is for the jury to test the sufficiency of evidence; the Government does not have to prove the allegations in the charging document.[14] Courts "should not inquire into the sufficiency of the evidence before the indicting grand jury, because the grand jury proceeding is a preliminary phase of the criminal justice process and all constitutional protections will be afforded during trial."[15] Indeed, "[a] district court lacks authority under Fed. R. Cr. P. 12 to dismiss an indictment on the basis of a sufficiency-of-the-evidence defense that raises factual questions."[16] Accordingly, the *Motion to Dismiss*[17] is DENIED.

Defendant's *Motions in Limine*[18] to exclude audio and video recordings are DEFERRED to the authentication hearing currently set for August 4, 2020. Defendant's *Motion for a Daubert Hearing of Audio/Video Recording Evidence*[19] is DENIED. FRE 901 is not governed by the standard set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*,[20] and expert testimony is not required to authenticate audio or video recordings

---

[12] Rec. Doc. No. 61.
[13] Rec. Doc. No. 64.
[14] Rec. Doc. No. 70.
[15] *United States v. Odiodio*, 2005 WL 2990906 at *14 (N.D. Tex. Nov. 7, 2005)(quoting *United States v. Maceo*, 873 F.2d 1, 3 (1st Cir.1989)(internal quotation marks omitted)).
[16] *United States v. Richard*, 2016 WL 837268 at *2 (W.D. La. Feb. 5, 2016)(citing *United States v. Mann*, 517 F.2d 259, 267 (5th Cir.1975)).
[17] Rec. Doc. No. 64.
[18] Rec. Doc. Nos. 63 & 67.
[19] Rec. Doc. No. 66.
[20] 509 U.S. 579 (1993).

under FRE 901 or applicable jurisprudence. "The standard for authenticating evidence is low and may be satisfied 'by evidence sufficient to support a finding that the matter in question is what its proponent claims.'"[21]

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>July 30, 2020</u>.

*[signature]*

**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[21] *United States v. Carroll*, 2000 WL 45870 at *3 (E.D. La. Jan. 20, 2020)(quoting FRE 901(a)).