# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | 20-43-SDD-RLB |
| ROBERT EARL TUCKER, JR. | |

## RULING

This matter is before the Court on the *Motion to Suppress Federal Search Warrant*[1] filed by Defendant, Robert Earl Tucker, Jr. ("Defendant"), representing himself *pro se*. The Government has filed an *Opposition*[2] to this motion. A hearing on this motion is not warranted.

## I.    BACKGROUND[3]

On July 2, 2020, a federal grand jury returned a five count indictment charging the Defendant with making false statements to a federally licensed firearms dealer in Counts One, Three, and Four, and unlawful possession of a firearm and ammunition by a person adjudicated as a mental defective in Counts Two and Five, respectively.[4] Less than a month earlier, on June 8, 2020, law enforcement officers executed a search of the Defendant's residence pursuant to a federal search warrant. Defendant claims that law enforcement officers did not obtain this search warrant until June 9, 2020, and he

---

[1] Rec. Doc. No. 62.
[2] Rec. Doc. No. 72.
[3] *See* Rec. Doc. No. 70 for a thorough factual background in this matter.
[4] Rec. Doc. No. 22.

seeks to suppress the physical evidence seized during this search. Defendant also argues that physicians and the parish coroner did not comply with state emergency psychiatric admission procedures in accordance with Louisiana State Law when they examined him, determined him to be suffering from a mental illness or substance abuse problem that rendered him a danger to others, himself, and gravely disabled, and detained him for further observation, examination and treatment. For these reasons, the Defendant claims the search of his residence pursuant to a federal search warrant lacked probable cause and was in bad faith.

The Government opposes this motion, arguing that the federal warrant was lawfully and timely obtained and adequately described the Defendant's mental state pursuant to Louisiana law. Further, the Government maintains the warrant was obtained and executed timely, and Defendant fails to offer any proof that the statements made in the underlying affidavit of Special Agent Carroll Landry ("Landry") are false.  Thus, Defendant's *Motion to Suppress* should be denied.

## II.    LAW AND ANALYSIS

### A.  Motion to Suppress Warrant

The Court reviews a motion to suppress evidence seized pursuant to a warrant in two steps.[5] First, the Court determines whether the good faith exception to the exclusionary rule applies.[6]  If the exception does not apply, the Court then determines

---

[5] *See United States v. Robinson*, 741 F.3d 588, 594 (5th Cir.2014). Although the Fifth Circuit has articulated this test as the standard of review on appeal, *see, e.g., United States v. Sibley*, 448 F.3d 754, 757 (5th Cir.2006), district courts use it in the first instance as well. *See, e.g., United States v. Hebert*, No. 09–154, 2011 WL 1103655, at *4 (E.D.La. Mar. 21, 2011); *United States v. Pickens*, No. 3:12–CR–356–D(01), 2013 WL 1155414, at *4 (N.D.Tex. Mar. 21, 2013).

[6] *United States v. Massi*, 761 F.3d 512, 525 (5th Cir.2014). If the good faith exception applies, the Court does not proceed to the second step unless the case presents a "novel question of law whose resolution is necessary to guide future action by law enforcement officers and magistrates." *United States v. Mays*, 466 F.3d 335, 343 (5th Cir.2006) (internal quotation marks omitted).

61391                                                                                                              2

whether the magistrate judge had a "substantial basis" for concluding that probable caused supported the warrant.[7]  However, the good faith exception does not apply where: (1) the issuing judge was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth; (2) the issuing judge wholly abandoned his judicial role in such a manner that no reasonably well trained officer should rely on the warrant; (3) the underlying affidavit is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable"; or (4) the warrant is "so facially deficient ... that the executing officers cannot reasonably presume it to be valid."[8]

In *Franks v. Delaware*, the Supreme Court held that evidence must be suppressed when (1) the warrant affidavit contains a false statement of fact made knowingly or with reckless disregard for the truth, and (2) the remaining portion of the affidavit—with the falsehood(s) cast aside—is insufficient to establish probable cause.[9] To obtain a *Franks* hearing, a defendant is required to make a "substantial preliminary showing" that the *Franks* standard is met.[10]  Further, because the affidavit supporting a search warrant is presumed valid, the defendant bears the burden of proving the affidavit's invalidity by a preponderance of the evidence.[11] "To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine."[12] His allegations must be supported by

---

[7] *United States v. Pena–Rodriguez*, 110 F.3d 1120, 1129 (5th Cir.1997).
[8] *United States v. Mays*, 466 F.3d 335, 343 (5th Cir. 2006).
[9] 438 U.S. 154, 155 (1978).
[10] *See United States v. Calmes*, 608 F. App'x. 307, 308 (5th Cir. 2015) (citing *Franks*, 438 U.S. at 155).
[11] *Franks,* 438 U.S. at 156, 171.
[12] *Id.* at 171.

61391                                                                                    3

an offer of proof.[13]

With this standard in mind, turning to Defendant's claims, which are unsupported by proof, the Court finds that Defendant is not entitled to a hearing, and his motion must be denied.

### B. Timeliness of Warrant

Defendant contends the warrant was not executed in good faith because his residence was searched on June 8, 2020 but the warrant was not signed until June 9, 2020.  This claim is controverted by the record itself.  A review of these documents reveals that the search warrant application was submitted by Landry on June 8, 2020, and was reviewed by Magistrate Judge Wilder-Doomes.[14] The signed search warrant shows that Judge Wilder-Doomes signed the time stamped search and seizure warrant at 4:45 p.m. on June 8, 2020.[15]  Subsequently, the search warrant was executed at Defendant's residence at 8:00 p.m. on June 8, 2020.[16]  The evidence clearly demonstrates that the search warrant was executed **after** it was signed, not before.

### C. Validity of Defendant's Mental Health Records

Defendant again attacks the validity of his mental health records, arguing the physicians and coroner who examined him and made findings regarding his mental health did not comply with the mandates of La. R.S. 28:53.  The Court has previously ruled that these records are compliant with La. R.S. 28:53, and this argument is rejected for those reasons.[17]

---

[13] *Id.*
[14] 20-mj-33-UNA, Rec. Doc. No. 1.
[15] *Id.*
[16] *Id.* at Rec. Doc. No. 4.
[17] *See Rulings*, Rec. Doc. Nos. 70 & 75.

61391                                                                                          4

### D.  Proof of Falsity in Affidavit

As noted by the Government, Defendant has offered no proof of the falsity in Landry's affidavit, which under the law, the Court presumes is valid.  Defendant claims that reports of an investigation, synopsis 1,3,5 "are unaligned with AFT Landry's actions."[18]  Defendant states Landry claimed he had an arrest warrant, but no papers in his hands when he processed the Defendant into the jail.  Defendant submits no documents for the Court's review, and this alleged "falsity" does not reference Landry's affidavit or bear upon Judge Wilder-Doomes' reliance upon it in signing the search warrant. Defendant also claims the "charge for Federal Warrant includes False Statement on 4473 Form," and then vaguely supports this claim by again contesting the validity of his mental health records as not made in accordance with La. R.S. 28:53.[19]

Based upon this showing, the Court finds that Defendant has failed to satisfy his burden under *Franks*; therefore, no hearing is required, and Defendant's *Motion to Suppress Federal Search Warrant*[20] is DENIED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>July 31, 2020</u>.

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[18] Rec. Doc. No. 58, p. 1.
[19] *Id.* at p. 2.
[20] Rec. Doc. No. 62.

61391