UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | 20-43-SDD-RLB |
| ROBERT EARL TUCKER, JR. | |

### RULING

This matter is before the Court on the *Motion to Overturn Jury Verdict*[1] and *Motions for New Trial/Mistrial*[2] filed by Defendant, Robert Earl Tucker, Jr. ("Defendant"), representing himself *pro se*. The Government has filed an *Opposition*[3] to these motions. Defendant also filed several follow-up motions and response briefs.[4] For the reasons set forth below, Defendant's motions shall be denied.

**I.    BACKGROUND**[5]

On July 2, 2020, a federal grand jury returned a five count indictment charging the Defendant with making false statements to a federally licensed firearms dealer in Counts One, Three, and Four, and unlawful possession of a firearm and ammunition by a person adjudicated as a mental defective in Counts Two and Five, respectively.[6] On August 3, 2020, a jury trial commenced. At the close of the Government's case in chief,

---

[1] Rec. Doc. No. 116.
[2] Rec. Doc. Nos. 118 & 131.
[3] Rec. Doc. No. 127.
[4] Rec. Doc. Nos. 122, 123, 124, & 129.
[5] *See* Rec. Doc. No. 70 for a thorough factual background in this matter.
[6] Rec. Doc. No. 22.

64103                                                                                                                   1

Defendant moved for a judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure, which was denied by the Court.[7] The case ultimately went to the jury, which convicted the Defendant on all five counts.[8] The Defendant timely filed motions requesting a new trial/mistrial and for reconsideration of the jury verdict rendered; the Government opposes all motions.

## II. LAW AND ANALYSIS

### A. Motion for Judgment of Acquittal/New Trial

Rule 29 of the Federal Rules of Criminal Procedure governs motions for judgment of acquittal. "Rule 29 ... tests only the sufficiency of the evidence introduced at trial to support the crime charged."[9] Rule 29(a) provides in relevant part: "[T]he court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction."[10]

In ruling on such a motion, a court does not "ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt," but rather "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[11] The court determines "only whether the jury made a rational decision, not whether its verdict was correct on the issue of guilt or innocence."[12] All evidence - both direct and circumstantial, reasonable inferences drawn from the evidence, and all

---

[7] Rec. Doc. No. 101.
[8] Rec. Doc. No. 102.
[9] *United States v. Hope*, 487 F.3d 224, 225 (5th Cir. 2007).
[10] Fed. R. Crim. Pro. 29(a).
[11] *Jackson v. Virginia*, 99 S.Ct. 2781, 2789 (1979)(quotations and citations omitted).
[12] *United States v. Dean*, 59 F.3d 1479, 1484 (5th Cir. 1995) (citations omitted).
64103

2

credibility determinations are viewed in the light most favorable to the verdict.[13] "The evidence need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, and the jury is free to choose among reasonable constructions of the evidence."[14]  Nevertheless, a court must ensure that the verdict is not based on "mere suspicion, speculation, or conjecture, or on an overly attenuated piling of inference on inference."[15]

The verdict must be upheld "if the fact finder was presented with sufficient evidence to support the verdict reached[.]"[16]  However, a conviction must be reversed "if the evidence construed in favor of the verdict gives equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence of the crime charged."[17]

Rule 33 of the Federal Rules of Criminal Procedure allows a district court to "vacate any judgment and grant a new trial if the interest of justice so requires."[18]  "The trial judge may weigh the evidence and may assess the credibility of the witnesses during its consideration of the motion for new trial."[19]

A court may grant a Rule 33 motion for a new trial when "the evidence preponderates heavily against the verdict such that it would be a miscarriage of justice to let the verdict stand."[20] However, courts are cautioned that granting a new trial "should be exercised infrequently by district courts, unless warranted by 'exceptional'

---

[13] *Id.* (quotations and citations omitted).
[14] *United States v. Mitchell*, 484 F.3d 762, 768 (5th Cir. 2007) (internal quotations and citation omitted).
[15] *United States v. Moreland*, 665 F.3d 137, 149 (5th Cir. 2011) (quotations and citations omitted).
[16] *United States v. Lucio*, 428 F.3d 519, 522 (5th Cir. 2005).
[17] *Dean*, 59 F.3d at 1484 (quotations and citations omitted).
[18] Fed. R.Crim. Pro. 33(a).
[19] *United States v. Robertson*, 110 F.3d 1113, 1117 (5th Cir. 1997) (citing *Tibbs v. Florida*, 102 S.Ct. 2211, 2215–16 (1982)).
[20] *United States v. Fuchs*, 467 F.3d 889, 910 (5th Cir. 2006) (citing *United States v. Arnold*, 416 F.3d 349, 360 (5th Cir. 2005)).

circumstances."[21]

### B. Analysis

As to Defendant's Rule 29 motion, the Court adopts by reference the oral reasons assigned in the denial of Defendant's Rule 29 motion urged at trial. Nothing Defendant has argued or presented in this motion causes the Court to reconsider its prior *Ruling*, and the Court finds, again, that the largely uncontroverted evidence presented at trial by the Government overwhelmingly supported Defendant's convictions.

Turning to Defendant's Rule 33 motion, without supporting evidence, Defendant offers the conclusory assertion that Deputy Eric Holmes ("Holmes"), who testified in this case, impersonated another officer and committed perjury. Defendant contends Holmes impersonated a "Dep. Henderson," and the physical description of Holmes did not match the description of the deputy Defendant believes initiated the August 6, 2019 investigation at issue. Additionally, as the Government points out, Holmes' testimony is relevant only as to Count Two, and would have no effect on the other four counts of which he was convicted.

Moreover, Holmes testified in open court about his participation in the investigation of the Defendant. His testimony was uncontroverted and found credible by the jury and, now, the Court. During cross examination, Defendant was able to question Holmes regarding his investigation, and he had the opportunity to subpoena witnesses to support his claim that Holmes was not involved in the August 6, 2019 investigation. Defendant did neither, and the Court finds this meritless claim to be unsupported by any evidence. Defendant has failed to show an adverse effect on his substantial rights such

---

[21] *United States v. Tarango*, 396 F.3d 666, 672 (5th Cir. 2005) (citations omitted).

that a new trial is warranted in this matter.

Defendant also contends, yet again, that the order of protective custody was "not signed by a peace officer or credible person," and thus not in compliance with La. R.S. Title 28 Section 53. However, this Court had previously issued *Rulings* finding that Defendant's medical records were compliant with La. R.S. 28:53. Defendant offers no new argument or support for this claim, and the Court adopts and incorporates by reference its prior *Rulings* on the issue.[22]

### III.  CONCLUSION

Defendant's *Motion for Ruling*[23] is GRANTED, and the Court herein rules on all Defendant's pending motions. However, for the reasons set forth above, Defendant's *Motion to Overturn Jury Verdict*[24] and *Motions for New Trial/Mistrial*[25] are hereby DENIED. This matter shall be set for Sentencing in due course.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>December 9, 2020</u>.

*Shelly D. Dick*

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[22] Rec. Doc. Nos. 70 & 75.
[23] Rec. Doc. No. 129.
[24] Rec. Doc. No. 116.
[25] Rec. Doc. Nos. 118 & 131.