UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                         CRIMINAL ACTION

VERSUS                                            20-43-SDD-RLB

ROBERT EARL TUCKER, JR.

### RULING

This matter is before the Court on Defendant Robert Earl Tucker, Jr.'s ("Defendant" or "Tucker") Motion to Expunge Criminal Record.[1] The United States (the "Government") has opposed the motion.[2] For the reasons set forth below, Defendant's Motion will be DENIED.

### I.    BACKGROUND

In 2020, law enforcement arrested Tucker, and he was subsequently indicted on three counts in violation of 18 U.S.C. § 922(a)(6) for making false statements to a federally licensed firearms dealer and on two counts in violation of 18 U.S.C. § 922(g)(4) for possession of a firearm.[3] A jury found Tucker guilty of these charges on August 5, 2020.[4] Tucker timely appealed his convictions, and the United States Fifth Circuit Court of Appeals reversed and vacated the convictions on the grounds of insufficient evidence.[5]

---

[1] Rec. Doc. 241.
[2] Rec. Doc. 244.
[3] Rec. Doc. 241, p. 12. Tucker's alleged violation under §922(a)(6) stems from three representations to a federally licensed firearms dealer "that he had not been adjudicated as a mental defective." The alleged violations of §922(g)(4) stem from one firearm seized from Tucker at Walmart and the other for ammunition seized at his home.
[4] Rec. Doc. 244, p. 1.
[5] *Id*. at p. 2; Rec. Doc. 241, p. 12, 14.

1

The Fifth Circuit opinion discussed the background of this case, which spans more than a decade. Twice in the decade preceding 2019, doctors admitted Tucker for psychiatric treatment by issuing a "physician emergency certificate."[6] Both times, the certificate authorized between 13-15 days of treatment, and during the second period of treatment, physicians diagnosed Tucker with paranoid schizophrenia and prescribed him medications.[7]

In 2019, Tucker successfully bought a firearm from an arms dealer in Baton Rouge after certifying on the ATF form that he was neither "adjudicated as a mental defective" nor "committed to a mental institution."[8] In 2020, Tucker tried to purchase another firearm, again certifying he was never adjudicated as a mental defective or committed to a mental institution; however, ATF served Tucker a warning that he was prohibited from possessing firearms or munitions.[9] Three days later, Tucker contacted the ATF and advised them he would be buying a firearm that week; he was told he was prohibited from doing so by the ATF; and he made the same representations to the dealer that he had never been adjudicated a mental defective or committed.[10] At that point, law enforcement obtained a warrant for Tucker's home where they found ammunition, and Tucker was subsequently arrested and charged as stated above.[11]

The Fifth Circuit found that there was insufficient evidence to convict and reversed Tucker's convictions—stating that no rational trier of fact could have found the essential elements beyond a reasonable doubt.[12] The Fifth Circuit also stated that Tucker "never

---

[6] Rec. Doc. 241, p. 10.
[7] *Id*.
[8] *Id*. at p. 10-11.
[9] *Id*. at p. 11.
[10] *Id*.
[11] *Id*. at p. 12.
[12] *Id*.

2

underwent an 'adjudication' in the sense contemplated by § 922(g)(4),"—citing to Black's Law Dictionary as giving the common understanding of the word "adjudicate."[13] The Fifth Circuit found nothing in the record indicating that Tucker was adjudicated as a mental defective through any judicial process—meaning the physician emergency certificates were insufficient to operate as an "adjudication" of Tucker's mental state.[14]

## II. PARTIES' ARGUMENTS

Tucker argues that his arrest was in error and cites the Fifth Circuit's reversal and vacation of his convictions as grounds for the Court to grant his Motion.[15] Tucker contends he has not been arrested since June 8, 2020.[16] Further, Tucker claims expungement is warranted because he is attempting to qualify as a certified mathematics instructor under the No Child Left Behind Act, and his criminal record "will likely be harmful to [his] future professional career."[17] Tucker states that he "does not believe there is any public interest in denying" the expungement.[18]

The Government opposes Tucker's motion and argues it should be denied as Tucker lacks standing to seek expungement because he did not allege an affirmative rights violation as required by Fifth Circuit precedent.[19]

## III. LAW & ANALYSIS

Under exceptional circumstances, district courts may order the expungement of criminal records, but this is a very narrow remedy.[20] There is a high burden on the moving

---

[13] *Id*. at p. 12-13. "'Adjudicate' commonly means 'to rule on judicially'."
[14] *Id*.
[15] Rec. Doc. 214, p. 1.
[16] *Id*. at p. 2.
[17] *Id*.
[18] *Id*.
[19] Rec. Doc. 244, p. 2.
[20] *Sealed Appellant v. Sealed Appellee*, 130 F.3d 695, 702 (5th Cir. 1997) (citing *Rogers v. Slaughter*, 469 F. 2d 1084, 1085 (5th Cir. 1972)).

party to show there is no other remedy which can relieve the injury, and there is a strong presumption against expungement.[21] In *Sealed Appellant v. Sealed Appellee*, the Fifth Circuit held that, "in order to have standing to seek expungement, the party seeking expungement against executive agencies must assert an affirmative rights violation by the executive actors holding the records of the overturned conviction."[22]

If there is standing, expungement must be the only remedy resulting from "a direct and proximate result of [a civil rights violation],"[23] which could be the result of governmental misconduct in the arrest or leading to it.[24] Additionally, the defendant must demonstrate unusually substantial harm to the defendant that is not attributable to the defendant, and the harm must outweigh the Government's need for a record of the arrest.[25] Further, expungement must not offer more relief than if the defendant had been acquitted.[26]

### A.    Standing – Specific Rights Violation

Tucker claims his arrest was erroneous, but he neither alleges any law enforcement misconduct nor other violation of his rights.[27] Although Tucker is *pro se* and the Court liberally construes his pleadings, he must still explain why his arrest was erroneous or clearly state what affirmative rights violation was made by executive agencies. The Fifth Circuit did not address any error in the arrest or other rights violation in its opinion.[28]  Nevertheless, for the reasons below, even if Tucker could demonstrate a

---

[21] *Id*.
[22] *Id*. at 699.
[23] *Id*.
[24] *Doe v. Webster*, 606 F. 2d 1226, 1231 (D.C. Cir. 1979).
[25] *Id*.
[26] *Sealed Appellant*, 130 F.3d at 701.
[27] Rec. Doc. 241, p. 2.
[28] Rec. Doc. 241, p.9-14.

specific rights violation by an executive agency, he has failed to demonstrate a tangible harm for which expungement is the only remedy at law.

### B.    Tangible Harm/More Relief Than Acquittal

In *Sealed Appellant*, the Fifth Circuit explained that a "court's 'general power' to order expungement against executive agencies cannot be exercised at will," but must instead be tied to "an explicit constitutional or statutorily-created right to that remedy."[29] In other cases where the district court has granted expungement, the courts made reference to an explicit right by which only court-ordered expungement can provide a remedy.[30] In *Sealed Appellant*, the defendant was convicted of wire fraud while working in a Sheriffs' office, and that conviction was subsequently set aside pursuant to United States Supreme Court precedent.[31] The defendant's petition for expungement stated only that he was having trouble getting a job in law enforcement due to his criminal record reflecting the set-aside conviction.[32] That defendant made no showing as to why he could not seek a narrower remedy against those agencies denying him employment.[33]

Further, the Fifth Circuit noted that the defendant's allegation of employment difficulties was not an adequate showing of harm, assuming that such discrimination was not unlawful.[34] Both Fifth Circuit and Middle District of Louisiana decisions indicate that expunging a record for employment purposes "[does] not meet the required showing…to warrant expungement" when there has been no affirmative rights violation and there is no showing by the defendant that no other remedy can likely relieve the injury.[35] Additionally,

---

[29] *Sealed Appellant*, 130 F.3d at 700.
[30] *Id*.
[31] *Id*. at 696.
[32] *Id*. at 702.
[33] *Id*.
[34] *Id*.
[35] *Id*. (holding that defendant having a hard time getting a law enforcement job because of his record was

the Fifth Circuit noted that expungement would afford the defendant more relief than if he had been acquitted.[36] A person acquitted is "entitled to be treated as a person who had never been charged," and "an overturned conviction should provide similar, not greater, protections."[37] Ultimately, the court held that "the government cannot and should not be forced to rewrite history whenever the inclination strikes a defendant whose conviction is subsequently overturned."[38]

The court in *Sealed Appellant* contrasted the pertinent alleged employment difficulties with those alleged in *Rogers v. Slaughter*, anther decision demonstrating the principle that a defendant experienced a tangible employment-related harm but was still denied expungement of his record.[39] Although the *Rogers* defendant suffered a tangible harm in his employment due to an affirmative rights violation, the Fifth Circuit still found expungement an inappropriate remedy.[40]

In *Rogers v. Slaughter*, the defendant was a public-school teacher who accidentally fired a pistol he brought with him to school; he was convicted of "discharging a firearm" and was forced to resign from his position.[41] Rogers sought relief from the

---

not an affirmative rights violation and could possibly have been handled under a narrower remedy); *See United States v. Davis*, 182 F. 3d 915, 1999 WL 423095 (5th Cir. 1999); *See also United States v. Jones*, 2022 WL 1078025, at *3 (M.D. La. April 11, 2022) (holding that defendant's inability to pursue certain career paths because of past criminal convictions "does not show that his rights have been violated and that expungement is the only remedy to that injury"); *See also Melawer v. United States*, 341 Fed. App'x. 83, 84 (5th Cir. 2009) (holding that the defendant's alleging certain personal burdens, "such as delays in renewing his various [professional licenses]," was insufficient to warrant expungement).
[36] *Sealed Appellant*, 130 F.3d at 701.
[37] *Id*.
[38] *Id*. at 702.
[39] *Id*. (citing *Rogers v. Slaughter*, 469 F.2d 1084, 1085 (5th Cir.1972)). The court noted that the Defendant in *Rogers*, whose conviction was overturned, suffered a tangible harm because he was forced to resign from his position as opposed to the Defendant in *Sealed Appellant* who alleged difficulties in obtaining employment.
[40] *Rogers*, 469 F.2d at 1085.
[41] *Id*. at 1084-85.

6

District Court, arguing the he was never advised of his right to counsel.[42] Based on this specific rights violation, the District Court declared the conviction unconstitutional and ordered the defendant's records expunged.[43] However, on appeal, the Fifth Circuit found that the District Court went too far—citing public policy interests which require "the retention of records of the arrest and subsequent proceedings" in addition to the possibility of narrower remedies.[44] The *Rogers* court held that, while the defendant did suffer a tangible harm from the affirmative rights violation, expungement afforded the defendant more relief than if he had been acquitted;[45] therefore, expungement of the record in that case was inappropriate.[46]

Unlike *Rogers,* where the defendant lost his job, Tucker only anticipates employment difficulties due to his criminal record, which is more akin to the facts of *Sealed Appellant*. Accordingly, as in *Sealed Appellant*, the employment question in this case is likely insufficient to constitute a tangible harm. Further, Tucker makes no showing as to why a narrower remedy is unavailable, nor does he assert any statutory or constitutional basis warranting expungement of his record. Finally, as stated by the Fifth Circuit in *Sealed Appellant*, Tucker is not entitled to relief greater than an acquittal, which is what would result from expungement.

---

[42] *Id*. at 1085.
[43] *Id*.
[44] *Id*.
[45] *Id*.
[46] *Id*.

7

## IV. CONCLUSION

For the foregoing reasons, Tucker's Motion to Expunge Criminal Record[47] is DENIED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>November 12, 2024</u>.

*Shelly D. Dick*

**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[47] Rec. Doc. 241.